**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>       **Plaintiff,** )<br>)<br>v. )<br>)<br>ONE 2003 CHEVROLET C-1500 PICKUP )<br>TRUCK VIN:1GCEC14T03Z113843 )<br>WITH ALL APPURTENANCES AND )<br>ATTACHMENTS THEREON; )<br>)<br>ONE 2005 BUSH HOG MODEL M2355A )<br>ZERO TURN LAWN MOWER VIN: 12-20041 )<br>WITH 2005 HAULMARK TRAILER WITH )<br>ALL APPURTENANCES AND )<br>ATTACHMENTS THEREON, )<br>)<br>       **Defendant.** ) | CV ACTION  NO.: 1:06cv937-MEF |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS GOVERNMENT'S COMPLAINT**

**STATEMENT OF FACTS**

On May 26, 2006, the Plaintiff, United States of America, filed with this Court a complaint for forfeiture in the above-captioned case, pursuant to 21 U.S.C.A. § 881, subsections (a)(6). The Plaintiff has alleged that this property was purchased and maintained, in its entirety, with the proceeds of illegal narcotics activity.

On February 7, 2007, Stephen Craig Parker filed his verified claim to the listed property, thereby acknowledging his lawful ownership of the property and intent to challenge the instant action.

# ARGUMENT

## THE PLAINTIFF'S COMPLAINT FAILS TO SET FORTH SUFFICIENT FACTS UPON WHICH THE DEFENDANTS MAY FRAME A RESPONSE PURSUANT TO SUPPLEMENTAL RULES FOR CERTAIN ADMIRALTY AND MARITIME CLAIMS, RULE E(2)(a).

Forfeiture complaints are governed by the Supplemental Rules for Certain Admiralty and Maritime Claims. *See* 21 U.S.C.A.§ 881(b). Supplemental Rule E(2)(a) mandates that: the complaint shall state the circumstances from which the claim arises with such particularity that the defendant will be able, *without moving for a more definitive statement,* to commence an investigation of the facts and to frame a responsive pleading. (Emphasis added).

This burden clearly requires more notice than Federal Rules of Civil Procedure Rule 8(a), in order to spare the claimant the burden of moving for a more definitive statement pursuant to Rule 12(e). United States v. 1625 S. Delaware Ave., Philadelphia, PA, 661 F. Supp. 161, 162—163 (E.D. Pa. 1987). Several courts have interpreted Section E(2) to require the government, in its complaint, to provide a reasonable belief that the property in question is subject to forfeiture and, more importantly, that the government has probable cause to believe that a substantial connection exists between the property subject to forfeiture and the distribution of controlled substances. United States v. $39,000 in Canadian Currency, 801 F.2d 1210, 1219—1220 (10th Cir. 1986); United States v. $38,000.00 in United States Currency, 816 F.2d 1538, 1548 (11th Cir. 1987); United States v. Pole No. 3172, Hopkinton, 852 F.2d 636, 638 (1st Cir. 1988); United States v. One 1980 Ford Mustang, V1N0FO3D121959, 648 F. Supp. 1305, 1308 (N.D. Md. 1986) (court could dismiss government's complaint *sua sponte* where the complaint failed to state any facts which gave rise to the forfeiture action); United States v. 5100 Whitaker Ave., Philadelphia, PA, 727 F. Supp. 920, 924—925 (E.D. Pa. 1989) (complaint which contained no

factual specificity and established no nexus between the alleged wrongdoing and the defendant property failed to set forth any cause or basis to believe that the property was forfeitable).

Indeed, the United States District Court for the Eastern District of Pennsylvania held that the government must plead sufficient facts so that the claimant need not move for a more definite statement, and those facts must support the wholly conclusory allegation that the defendant property was purchased with illegal narcotics proceeds or used for illegal narcotics purposes, to avoid dismissal of its complaint. United States v. 1625 S. Delaware Ave., Philadelphia, PA, 661 F. Supp. at 162—163. While the court disagreed with what it called "the stringent pleading requirements imposed by the Tenth Circuit in United States v. $39,000 in Canadian Currency", it obviously acknowledged that the government must plead some facts supporting the conclusory allegation that the property is subject to forfeiture. *Id.*

Other courts have dismissed government complaints which were more factually specific than the complaint filed by the government in the case at bar. In United States v. $39,000 in Canadian Currency, *supra,* the complaint alleged that the currency "was furnished or intended to be furnished by a person in exchange for a controlled substance, or are proceeds traceable to such an exchange" and that "Charles Duguet or confederates of Charles Duguet intended to convert the Canadian currency into U.s. dollars for the acquisition of controlled substances." Supra, 801 F.2d at 1220. The government's allegations in the instant case are far more conclusory where it merely alleged that Parker told an agent that he had used the proceeds of his illegal narcotics activity to "purchase and maintain the Defendant property."

A similar situation to the case at bar was presented to the District Court in United States v. Premises known as 1625 S. Delaware Avenue, Philadelphia, PA, 661 F. Supp. at 162, where the Government merely alleged that the "defendant premises 'were purchased by Peter Donato

with the proceeds of drug transactions' "and "have been used to commit and to facilitate the commission of the manufacturing [of] [sic] methamphetamine." Likewise, in the instant case, all that the government has stated in satisfaction if its claim to the Defendant property is the alleged vague statement supposedly made by Parker.

In the instant case, the Plaintiff has failed to include any substantiated facts which support its broad contentions that the subject property was purchased or maintained with the proceeds of illegal narcotics activity, under 21 U.S.C.A. § 881, and is therefore forfeit to the United States. In fact, the only definite "facts" set forth in the complaint are that Stephen Craig Parker lived at the address where the subject property was located, and that Parker possessed and sold quantities of methamphetamine. Aside from Mr. Parker's alleged indefinite statement, no facts have been pled to establish that the Defendant property was purchased with or maintained with proceeds of drug transactions.

## CONCLUSION

Based on the foregoing arguments and authorities, this Honorable Court is respectfully urged to dismiss the Plaintiff's Complaint because it clearly fails to meet the requirements of Rule E(2)(a).

**RESPECTFULLY SUBMITTED** this 27th day of February, 2007.

s/ William R. Blanchard
**WILLIAM R. BLANCHARD (BLA029)**
Blanchard Law Offices
Post Office Box 746
Montgomery, Alabama 36101-0746
Office: (334) 269-9691
Fax: (334) 263-4766
bill@blanchardlaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV ACTION    NO.: 1:06cv937-MEF |
| ) | |
| ONE 2003 CHEVROLET C-1500 PICKUP ) | |
| TRUCK VIN:1GCEC14T03Z113843 ) | |
| WITH ALL APPURTENANCES AND ) | |
| ATTACHMENTS THEREON; ) | |
| ) | |
| ONE 2005 BUSH HOG MODEL M2355A ) | |
| ZERO TURN LAWN MOWER VIN: 12-20041 ) | |
| WITH 2005 HAULMARK TRAILER WITH ) | |
| ALL APPURTENANCES AND ) | |
| ATTACHMENTS THEREON, ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: AUSA John T. Harmon, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: n/a.

        Respectfully submitted,
        s/ William R. Blanchard
        BLANCHARD LAW OFFICES
        Post Office Box 746
        Montgomery, Alabama 36101-0746
        Office: (334) 269-9691
        Fax:    (334) 263-4766
        (BLA029)