```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| PLAINTIFF, : | |
| : | |
| v. : | CIVIL ACTION NO. 1:06cv937-MEF |
| : | |
| ONE 2003 CHEVROLET C-1500 : | |
| PICKUP TRUCK, : | |
| VIN: 1GCEC14T03Z113843, WITH : | |
| ALL APPURTENANCES AND : | |
| ATTACHMENTS THEREON; : | |
| : | |
| ONE 2005 BUSH HOG, MODEL : | |
| M2355A, ZERO TURN LAWN MOWER, : | |
| VIN: 12-20041, WITH 2005 : | |
| HAULMARK TRAILER, WITH ALL : | |
| APPURTENANCES AND : | |
| ATTACHMENTS THEREON, : | |
| : | |
| DEFENDANTS. : | |

## RESPONSE TO MOTION TO DISMISS

Comes now the United States of America (United States), by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, and responds to Claimant's Motion to Dismiss as follows:

### I. Background

The United States filed its civil complaint alleging that the defendant property was subject for forfeiture pursuant to 21 U.S.C. § 881(a)(6). Claimant Stephen Parker (hereinafter, "Claimant") filed a Motion to Dismiss, asserting that the United States had not alleged sufficient facts in its complaint.

II. <u>Argument and Citation of Authority</u>

A. <u>Claimant's Motion Is Premature</u>.

18 U.S.C. § 983(a)(3)(A) states in pertinent part:

> .... the government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims...

Rule E(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Admiralty Rules") states:

> ....the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.

18 U.S.C. § 983(a)(3)(D) states:

> No complaint may be dismissed on the grounds that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property.

A complaint under Rule E(2)(a) must allege sufficient facts to support a reasonable belief that the property is subject to forfeiture. United States v. Mondragon, 313 F.3d 862, 865 (4th Cir. 2002). See also United States v. $38,000, 816 F.2d 1538, 1548 (11th Cir. 1987) (case decided under pre-Civil Asset Forfeiture Reform Act standard of probable cause burden). "The government is not required to prove its case simply to get in the courthouse door." United States v. Real Property Located at 5208 Los Franciscos Way, 385 F.3d 1187 (9th Cir. 2004).

Under Section 983(a)(3)(D), a motion to dismiss a civil forfeiture complaint for lack of evidence to support the government's theory of forfeiture is premature. See United States v. 5443 Suffield Terrace, 209 F.Supp.2d 919 (N.D.Ill. 2002).

The government may rely on evidence it has lawfully obtained up to the time of the forfeiture trial. United States v. $557,933.89, more or less, in U.S. Funds, 287 F.3d 66 (2nd Cir. 2002). See also 18 U.S.C. § 983(c)(2).

As shown above, the United States is not required to establish the forfeitability of seized assets until trial. It is illogical to allow the United States to use evidence gathered up to the date of trial to establish forfeiture; yet, also allow the dismissal of a complaint based upon insufficient evidence at the time of filing or the assertion that the complaint is not sufficiently detailed.

    B.    <u>Even If The Motion To Dismiss Is Timely, The United States' Complaint Is Adequate</u>.

Claimant contends that the United States' failure to allege sufficient facts requires dismissal. In fact, the United States' Complaint clearly shows the Defendant property was purchased with funds obtained through the sale of illegal drugs. The facts there alleged show that the owner of the property was engaged in the illegal drug trade. The owner also states that he purchased and maintained the defendant property with the proceeds of this drug trade. The property seized and the basis for the seizure are clearly identified. That is sufficient for the purposes of Rule E(2)(a).

    C.    <u>The Claimant Has Waived This Assertion</u>.

An answer is a responsive pleading. <u>See</u> Rule 7(a) of the Federal Rules of Civil Procedure. The requirement levied for particularity in these cases is that set by Rule E(2)(a) of the Admiralty Rules, that is that the complaint must "state the circumstances from which the claim arises" so that the claimant may "frame a responsive pleading" without moving for a more definite statement.

Here, the Claimant has filed his claim and answer without recourse to a motion for a more definite statement. Because the Rule E(2)(a) requirement has been satisfied, as demonstrated by the Claimant's own filing of an answer, the Claimant cannot now move to dismiss and has waived any objection under this Rule.

### III. <u>Conclusion</u>

The motion to dismiss is premature. The United States is not required to present its case until trial. Even if the motion was ripe for adjudication, the Government's complaint is adequate under the law. Finally, the Claimant has waived this assertion by reason of his filing a responsive pleading.

Respectfully submitted this 16th day of March, 2007.

                FOR THE UNITED STATES ATTORNEY
                    LEURA G. CANARY


                /s/John T. Harmon
                John T. Harmon
                Assistant United States Attorney
                Office of the United States Attorney
                Middle District of Alabama
                One Court Square, Suite 201 (36104)
                Post Office Box 197
                Montgomery, Alabama 36101-0197
                Telephone:(334) 223-7280
                Facsimile:(334) 223-7560

CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2007, I electronically filed the foregoing Response to Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: William R. Blanchard.

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney